IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JENKA LAB, LLC, and<br>BRONNIKOV CONSULTING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ONE-STOP GAME SOLUTIONS, LLC,<br>d/b/a GGC INDUSTRIES,<br><br>Defendants. | Civil Action No.<br><br>2:23-cv-159-RWS |

## ORDER

This case comes before the Court on Plaintiffs' Motion for Default Judgment (the "Motion"). [Dkt. 8]. The Motion is unopposed. Having reviewed the Motion and the materials submitted in support of it, the Court enters the following Order.

## BACKGROUND

This is an anti-counterfeiting action brought to protect Plaintiffs' intellectual property rights in their gaming systems, source codes, graphics, and associated artwork (collectively, the "Copyrighted Works") under federal law through the Lanham Act and the U.S. Copyright Act. Plaintiffs initiated suit by filing their Verified Complaint (the "Complaint") in this Court on August 17, 2023. [Dkt. 1]. Therein, Plaintiffs assert six claims for relief, alleging Defendant has improperly

bought, sold, and distributed counterfeit or pirated versions of the Copyrighted Works: Infringement of Jenka Lab, LLC's ("Jenka Lab") Federally Registered Marks pursuant to 15 U.S.C. § 1114 (Count I); Trademark Infringement, False Designation of Origin, and Unfair Competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (Count II); Trademark Counterfeiting of Jenka Lab's trademarks under sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(b), 1116(d), and 1117(b)–(c) (Count III); Misappropriation of Bronnikov Consulting LLC's ("Bronnikov") Trade Secrets pursuant to 18 U.S.C. § 1836(b) (Count IV); Federal Copyright Infringement of Bronnikov's Copyrighted Works pursuant to 17 U.S.C. § 101 *et seq.* (Count V); and Contributory Copyright Infringement of Bronnikov's Copyrighted Works (Count VI).

Through the Complaint, Plaintiffs seek to recover damages in an amount to be proven at trial, including statutory damages (pursuant to (i) 15 U.S.C. § 1117 in the form of enhanced damages and profits plus interest, and (ii) 17 U.S.C. § 504 in the amount of $150,000 for each infringing use of the Copyrighted Works) and punitive or exemplary damages (including treble damages pursuant to 15 U.S.C. § 1117(a)), as well as attorneys' fees and costs. Plaintiffs also request that the Court enter a permanent injunction to prevent Defendant's continued (i) misappropriation of Bronnikov's trade secrets, (ii) infringement of the

Copyrighted Works, and (iii) other fraudulent business practices.

Plaintiffs served Defendant with the Complaint and Summons on August 21, 2023. [Dkt. 6]. Defendant, however, failed to timely answer or otherwise respond to Plaintiffs' Complaint. As a result, Plaintiffs moved for and obtained an entry of default against Defendants on October 12, 2023. [Dkt. 7]. Now, Plaintiffs move the Court for default judgment. [Dkt. 8].

## DISCUSSION

### I. Legal Standard

When a defendant fails to plead or otherwise defend a lawsuit within the time required by the Federal Rules of Civil Procedure and the plaintiff moves for default, the Clerk must enter default. FED. R. CIV. P. 55(a). "Default constitutes admission of all well-pleaded factual allegations in the complaint but not an admission of facts incompletely pleaded or conclusions of law." GSR Mkts. Ltd. v. McDonald, 2022 WL 13676281, at *2 (N.D. Ga. Oct. 21, 2022) (citing Cotton v. Mass. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)), appeal docketed, No. 23-11222 (11th Cir. Apr. 17, 2023). "After the clerk enters default, the 'entry of a default judgment is committed to the discretion of the district court.'" Id. (quoting Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985)). "A court enters default judgment only 'when there is a sufficient basis in the pleadings for

3

the judgment entered.'" Id. (cleaned up) (quoting Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015)).

"The standard for determining the sufficiency of the basis for the judgment is 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'" Id. (quoting Surtain, 789 F.3d at 1245). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Hill for Credit Nation Cap., LLC v. Duscio, 292 F. Supp. 3d 1370, 1376 (N.D. Ga. 2018) (quoting Surtain, 789 F.3d at 1246). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). "So, in considering a motion for default judgment, a court accepts all well-pleaded facts as true and determines whether those facts state a claim for relief that is plausible—that is, whether the plaintiff's allegations 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" GSR Mkts. Ltd., 2022 WL 13676281, at *2 (quoting Singleton v. Dean, 611 F. App'x 671, 671 (11th Cir. 2015) (per curiam)).

With regard to damages, "the court has 'an obligation to assure that there is a legitimate basis for any damage award it enters,'" even when entering default

4

judgment. Id. (quoting Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003)). The Federal Rules of Civil Procedure vest district courts with discretion to conduct a hearing to determine the appropriate amount of damages to award when entering a default judgment. FED. R. CIV. P. 55(b)(2)(B). Importantly, however, a district court may not enter default judgment without conducting a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation," such as when a plaintiff seeks to recover statutory damages.[1] Huddleston v. Smith, 2010 WL 1410556, at *2 (N.D. Ga. Mar. 30, 2010) (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)); Organizacion Miss Am. Latina v. Ramirez Urquidi, 712 F. App'x 945, 948 (11th Cir. 2017) (""[T]he damages in this case were capable of mathematical violation. The statutory damages chosen by the judge were an ascertainable value per violation, simply multipled by the number of violations."); Crazy Forts, 2023 WL 4251683, at *6 (noting that courts may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed" (quotation omitted)).

---

[1] "Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain." Crazy Forts Inc. v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Sched. "A", 2023 WL 4251683, at *5 (S.D. Fla. June 28, 2023).

District courts have significant discretion to determine the amount of statutory damages to award when a plaintiff cannot prove actual damages. See Cable/Home Commc'n Corp. v. Network Prod., Inc., 902 F.2d 829, 852 (11th Cir. 1990); Under Armour, Inc. v. 51nfljersey.com, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (citing Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006)). For example, plaintiffs pursuing a counterfeit action may, at any time before final judgment is entered, elect an award of statutory damages between $1,000 and $200,000 per counterfeit mark involved in the dispute, or up to $2,000,000 per counterfeit mark if the court deems such counterfeiting to be willful. 15 U.S.C. § 1117(c)(1)–(2). Similarly, plaintiffs pursuing copyright infringement claims may elect an award of statutory damages between $750 and $30,000 per infringement, or up to $150,000 if the court determines such infringement to be willful. 17 U.S.C. § 504(c)(1)–(2). Further, courts may infer willfulness from a defendant's default. See Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003).

**II.    Analysis**

Plaintiffs ask this Court to enter default judgment against Defendant on all six counts alleged in the Complaint and award Plaintiffs the following relief: (i) $7,450,000 pursuant to the statutory maximums allowed for trademark and

copyright infringement; (ii) $8,957 in attorneys' fees and costs; and (iii) a permanent injunction preventing Defendant from using, distributing, and selling Plaintiffs' Copyrighted Works without Plaintiffs' consent. [Dkt. 8, at 1–2; Dkt. 8-1, at 1–3]. Defendant did not respond to Plaintiffs' Motion and, therefore, does not dispute the relief sought by Plaintiffs.

The Court finds Plaintiffs have established, "by affidavit or otherwise," that Defendant has "failed to plead or otherwise defend" against the Complaint.[2] FED. R. CIV. P. 55(a). Defendant has also failed to respond to entry of default or otherwise participate in this litigation since it was initiated. Therefore, the Court finds that default judgment is warranted against Defendant.

The Court further finds that Plaintiffs have alleged a sufficient factual basis for liability against Defendant on Counts I–V,[3] and the Complaint's well-pleaded allegations are deemed admitted due to default. Based on the foregoing, Plaintiffs' Motion is **GRANTED**, and the Court **ORDERS** as follows:

---

[2] [See, e.g., Dkt. 8-9].

[3] Count VI is pled as an alternative basis for liability and, because the Court finds the well-pleaded allegations establish a sufficient basis for liability on Plaintiffs' substantive infringement claims, the Court need not determine whether the Complaint likewise establishes a sufficient basis for liability on this alternative claim. [See Dkt. 8-1, at 13].

1. Jenka Lab's JENKA LAB word mark and design mark are registered in the federal registry, and, thus, Jenka Lab had prior rights to both marks. Defendant adopted a nearly identical (or confusingly similar) mark through their game play and artwork, which is likely to cause confusion among customers between Jenka Lab's marks and Defendant's adopted marks. Therefore, Plaintiffs are entitled to judgment against Defendant as to Count I in the Complaint.

2. Defendant has marketed, publicly displayed, presented, and offered for use to consumers certain products that mimic the Copyrighted Works, passing such products off as those authorized, created, licensed, sold, and/or distributed by Plaintiffs. Those products are likely to cause confusion among consumers between Plaintiffs' products and Defendant's products. Therefore, Plaintiffs are entitled to judgment against Defendant as to Count II in the Complaint.

3. Defendant offers and sells reproduced, counterfeit, or copied products that imitate Jenka Lab's registered marks that are intended to be used in commerce. Therefore, Plaintiffs are entitled to judgment against Defendant as to Count IIII in the Complaint.

4. Defendant has misappropriated Bronnikov's trade secrets by marketing and selling counterfeit or hacked versions of the Copyrighted Works. Therefore, Plaintiffs are entitled to judgment against Defendant as to Count IV in the Complaint.

5. Bronnikov is the exclusive and beneficial owner of the Copyrighted Works, and Defendant willfully infringed on those Copyrighted Works by publicly displaying and publishing pirated, hacked, and/or counterfeited copies of the Copyrighted Works by making those copies available for consumption on Defendant's website. Therefore, Plaintiffs are entitled to judgment against Defendant as to Count V in the Complaint.

6. Defendant wilfully infringed on two of Jenka Lab's trademarks, entitling Plaintiffs to $4,000,000 in statutory damages under 15 U.S.C. § 1117(c)(2) (permitting courts to award up to $2,000,000 per willful counterfeit mark involved in a trademark infringement action).

       Defendant also willfully sold, promoted, distributed, advertised, and/or offered for sale products bearing marks which were in fact counterfeits of eleven (11) different Copyrighted Works, entitling Plaintiffs to $1,650,000 in statutory damages under 17 U.S.C. § 504(c)(2) (permitting courts to award up to $150,000 per willful copyright infringement). Therefore, Plaintiffs are **AWARDED** $5,650,000 in statutory damages against Defendant, which this Court deems sufficient to compensate Plaintiffs and deter Defendant and others from continuing to counterfeit or otherwise infringe on Plaintiffs' trademarks and Copyrighted Works.[4]

7. Plaintiffs are entitled to attorneys' fees and costs as a result of Defendant's willful infringement of the Lanham Act. See Voolkswagen Grp. of Am., Inc. v. Varona, 2021 WL 1997573, at *12 (S.D. Fla. May 18, 2021) ("Courts routinely award attorney's fees and costs upon a finding of willful infringement under the Lanham Act."); see also 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Plaintiffs request the Court award $8,957.00 in attorneys' fees and $402 in costs. In support, Plaintiffs attach a declaration from lead counsel attesting to the reasonableness of the rates charged when calculating the fees sought, and two spreadsheets exhibiting the time spent on various tasks associated with pursuing this action and the costs incurred as a result of the same. [Dkts. 8-7, 9]. Based on the declaration and spreadsheets, this Court finds the amounts Plaintiffs seek for attorneys' fees and costs are reasonable and appropriate. Accordingly, Plaintiffs are **AWARDED** $8,957.00 in attorneys' fees and $402 in costs.

---

[4] Plaintiffs also request the Court award actual damages based on the profits Defendant has realized as a result of its infringing and counterfeiting actions, but Plaintiffs concede that "Defendant is unable to calculate [such profits] at this time." [Dkt. 8-1, at 17–18]. As a result, such damages would be improper at this juncture absent an evidentiary hearing. See Huddleston, 2010 WL 1410556, at *2 (quoting Freeman, 605 F.2d at 857). Moreover, in light of the substantial statutory damages award the Court deems appropriate in this action, the Court declines to award additional monetary damages.

8. Unless enjoined by this Court, Defendant's ongoing copyright infringement, trademark infringement, and misappropriation of trade secrets will continue to cause Plaintiffs to sustain irreparable and substantial injury that monetary damages alone cannot redress. <u>See Chanel, Inc. v. besumart.com</u>, 240 F. Supp. 3d 1283, 1290 (S.D. Fla. 2016) ("An award of money damages alone will not cure the injury to [the] [p]laintiff's reputation and goodwill that will result if [the] [d]efendants' infringing and counterfeiting actions are allowed to continue."). Accordingly, Defendant, each of its agents, employees, attorneys, and all those in active concert and participation with them are permanently **ENJOINED** from:

   a. infringing Plaintiffs' rights under federal or state law with respect to the Copyrighted Works;

   b. continuing to use, publish, and display the Copyrighted Works;

   c. continuing to employ deceptive practices, including marketing or passing off the counterfeit products in interstate commerce; and

   d. selling the counterfeit products.

9. Defendant is **DIRECTED** to deliver, for destruction, to Plaintiffs all products, advertisements, promotional materials, packaging, and other items in its possession or under its control bearing Plaintiffs' trademarks or Copyrighted Works, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof **within fourteen (14) days** of the entry of this Order. <u>See</u> 15 U.S.C. § 1116(d) (permitting courts to order "the seizure of goods and counterfeit marks involved in [violating such marks] and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment [Dkt. 5] is **GRANTED** as described more fully immediately above. Plaintiffs are hereby **AWARDED** $5,659,359 in damages (including $5,650,000 in statutory damages, $8,957 in attorneys' fees, and $402 in costs).

**SO ORDERED** this 10th day of January, 2024.

_____
**RICHARD W. STORY**
United States District Judge